**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**


**v.**                        **CASE NO. 4:21-CR-00120-BSM-1**

**DUSTIN ALEXANDER MANUES**                          **DEFENDANT**

**<ins>ORDER</ins>**

Dustin Manues's motion to reduce sentence [Doc. No. 48] is denied. Although Amendment 821 to the Federal Sentencing Guidelines lowers Manues's criminal history score from 13 to 12, resulting in a new criminal history category of V, he is not entitled to relief. This is true because Manues's plea agreement "waive[d] the right to have the sentence modified pursuant to Title 18, United States Code, Section 3582(c)(2). . . ." Doc. No. 29 at 3. Because Manues knowingly and voluntarily entered into his plea agreement, he is not entitled to relief. *United States v. Cowan*, 781 F. App'x 571 (8th Cir. 2019) (per curium) (affirming dismissal of a § 3582(c)(2) motion when the record establish that the defendant knowingly and voluntarily entered the plea agreement). Additionally, the benefit of the plea agreement – avoiding the mandatory, consecutive 60-month sentence under 18 U.S.C. § 924(c) – is better than the 11-month reduction he would receive under Amendment 821.

IT IS SO ORDERED this 18th day of February, 2026.


UNITED STATES DISTRICT JUDGE